UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY HOLLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KELLY SANTORO, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01683-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 19)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff Chauncey Hollis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis under 42 U.S.C. § 1983. Plaintiff initiated this action on October 6, 2016, and the matter was transferred to this Court on November 4, 2016. (Doc. Nos. 1, 6.) On June 9, 2017, the Court screened Plaintiff's complaint and granted leave to amend. (Doc. No. 18.) Plaintiff's first amended complaint, filed on July 10, 2017, is currently before the Court for screening. (Doc. No. 19.)

**Screening Requirement**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California Men's Colony, East in San Luis Obispo, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison ("NKSP"), Ironwood State Prison ("ISP") and other facilities. Plaintiff names the following defendants: (1) Kelly Santoro, NKSP Warden; (2) R. Givens, NKSP counselor; (3) Officer Solario, NKSP; (4) ISP Warden; (5) Nilos, ISP Counselor; (6) Captain Meyers, Contract Beds Unit in Rancho Cordova, California; (7) Warden, Contract Beds Unit; (8) Warden C. Keeton, La Palma Correctional Center (LLPC) in Eloy, Arizona; (9) Counselor Younger, LPCC; (10) Officer Jayne, LPCC; and (11) Officer Hampton, LPCC.

Plaintiff alleges as follows. On June 10, 2016, Plaintiff was sentenced to 12 years. An abstract was forwarded to NKSP prior to Plaintiff's transfer. Plaintiff contends that Defendant Santoro implemented a deficient policy because all inmates are put on lockdown 23/7 without

violating any prison rules and are denied access to phones in reception centers.

On August 9, 2016, Plaintiff entered NKSP, and filed a request for a legal call to hire a lawyer. Plaintiff did not receive a response. Plaintiff pleaded with Defendant Solario, who signed the call request. Defendant Solario said there were no phones.

On August 17, 2016, Plaintiff filed a 602 complaint, but did not receive a response. Plaintiff also filed an affidavit, which gave the Warden and Counselor Givens notice of the urgency of a legal call. After no response to the request, 602 or affidavit, on September 9, 2016, Plaintiff filed a "Notice of Default/Option to Cure," and sent copies to the Warden and Counselor Givens. Plaintiff alleges that this put Warden Santoro and Counselor Givens on a third notice that the 602 had been filed, but was not logged, and that the request for a legal call was being ignored.

On August 22, 2016, Plaintiff sent a habeas corpus to the court. On August 28, 2016, Plaintiff sent an amended habeas corpus, but the amended copy never made it or was never logged in the outgoing mail.

On or around September 4, 2016, a Crip Gang Member, William Green, came to Plaintiff's cell and said, "The people say you are filing too many complaints." Plaintiff asked what people, and Inmate Green stated, "Solario." Later that day, Plaintiff told Defendant Solario that he should not tell inmates Plaintiff's business because Plaintiff could be stabbed up. Defendant Solario allegedly stated, "Don't worry these dudes are pussy but I'm sending you over where it's all real gangsters." (Doc. No. 19 at p. 5.) That night, after dinner, Plaintiff was moved to Building 6B with Northern Familia Mexicans. When Plaintiff moved to Building 6, Defendant Solario also started working Building 6 in the gun tower, smiling at Plaintiff with the gun pointed at him as he walked by to get his food. Plaintiff alleges that on three consecutive weekends he was denied rec yard by Defendant Solario.

On September 14, 2016, Plaintiff filed a complaint regarding mail tampering. Plaintiff then filed a request and sent the request to the next level with no response.

On October 20, 2016, Defendant Givens came to see Plaintiff for Committee. Defendant Givens told Plaintiff to fill out forms. Before Plaintiff was finished, Defendant Givens handed Plaintiff a paper to sign, stating "You are doing to [sic] much I'm getting you out of here." (Id.)

3

Defendant Givens snatched the papers away and said "Just sign it you are going far away." (Id.) Plaintiff read over the paperwork and told Defendant Givens that his points were incorrect. Plaintiff showed Defendant Givens that 2 points should be taken off due to a minute order. Plaintiff also showed Defendant Givens the dismissed disciplinary report. Defendant Givens looked at the papers and said, "None of this is good," and "Put it on a 602 like everything else." (Id.) Plaintiff filed a 602 that night with supporting documents. The 602 was rejected with instructions to file a Form 22. Plaintiff filed a Form 22, but received no response. Plaintiff filed a second 602 with an attached Form 22. The 602 was rejected a second time with directions to file a Form 22.

On November 23, 2016, Plaintiff filed an affidavit about the appeals coordinator being in collusion and committing reprisals by intentional rejecting Plaintiff's complaints to stagnate the exhaustion of remedies. Plaintiff alleges that none of the abovementioned Form 22s or 602s were accepted or answered.

On December 8, 2016, Plaintiff was transferred to ISP. On December 16, 2016, Plaintiff filed a Form 22 about the same issues from NKSP regarding the miscalculation of points. Plaintiff was instructed to file a 602. On December 30, 2016, Plaintiff filed a 602, but it was never addressed or answered.

On January 3, 2017, Defendant Nilos gave Plaintiff a pass and affidavit to sign. Plaintiff refused to sign the affidavit, which stated "I Chauncey Hollis willingly agree to be housed out of state of California." (Id.) Defendant Nilos told Plaintiff to go to the program office to talk to a lawyer. The lawyer informed Plaintiff that the prison wanted him to agree to go to Arizona because there was a lawsuit going on about housing California inmates in Arizona without their consent. Plaintiff did not sign the paper, but was sent to Arizona.

On January 27, 2017, while in Arizona, Plaintiff wrote a request for an extension to find an attorney. Defendant Jayne refused to sign and put the letter in the mail, so Plaintiff held it over the weekend. Plaintiff made a second attempt to mail the motion for an extension of time, but Defendant Jayne refused to take the mail, stating "Write that up. I don't care. I'll sign it for you." (Id. at p. 6.) Plaintiff then wrote up the complaint on a Form 22. Defendant Jayne signed the

4

Form 22, allegedly acknowledging that she denied Plaintiff the right to access the courts.

On January 30, 2017, Officer Hampton opened Plaintiff's cell door, stating "You have Committee today so now you can stop filing paperwork." (Id.) Plaintiff filed a 602, but it was denied at the third level.

On December 10, 2017, Plaintiff sent an affidavit and notice to CBU Warden about continued reprisals at LPCC stemming from NKSP and ISP. Plaintiff sent a letter to the court requesting time to get another attorney, but was denied. Plaintiff alleges that his counselor made a mistake with arson on Plaintiff's file, but refused to correct the error.

Plaintiff alleges that he received an appeal abuse warning, discouraging him from filing further complaints without reprisals being committed. Plaintiff further alleges that all three wardens implemented a policy so deficient that it violated the Constitution. Defendant Meyers was present at Committee and put on notice of CLS points being miscalculated, but refused to correct them.

Plaintiff forwards claims for "access to courts: due process; creul [sic] and unusual punishment." (Doc. No. 19 at p. 3.) He seeks damages and various forms of injunctive relief.

**Deficiencies of Complaint**

As with his original complaint, Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff's complaint also fails to comply with Federal Rules of Civil Procedure 18 and 20. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.

**A. Pleading Standards**

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are a narrative of various unrelated events at several institutions, making it difficult to discern the factual basis of Plaintiff's claims. Plaintiff has been unable to cure this deficiency.

### 2. Federal Rules of Civil Procedure 18 and 20

Plaintiff is asserting claims against different defendants at different institutions based on different events. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not pursue unrelated claims against multiple defendants for unrelated events. For instance, Plaintiff may not pursue claims relating to the denial of telephone access against Defendant Solario at NKSP, while simultaneously pursuing claims against Defendants Santoro and Givens regarding the processing of his 602 inmate appeals. Further, Plaintiff may not also pursue claims involving events at facilities outside of this judicial district, such as claims against Defendant Nilos at ISP regarding Plaintiff's transfer to Arizona.

To the extent Plaintiff is attempting to maintain multiple claims against multiple defendants at multiple facilities in a single action by alleging a conspiracy, he may not do so. Plaintiff has failed to adequately allege any facts supporting such a claim. A conspiracy claim brought under section 1983 requires proof of " 'an agreement or meeting of the minds to violate

constitutional rights,' " Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward Cty., Okla., 866 F.2d 1121, 1126 (9th Cir. 1989)). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff's allegations are not sufficient to state a cognizable claim regarding an agreement or meeting of the minds amongst all the defendants.

### 3. Events Post-Transfer from NKSP

In a prior order, the Court expressly informed Plaintiff that he could not properly supplement his complaint with allegations relating to events following his transfer from North Kern State Prison, including allegations related to events at Ironwood State Prison and his transfer to prison in Arizona. The Court therefore denied Plaintiff's motions to supplement the complaint. (See Doc. No. 18 at p. 5.)

Despite the Court's express denial of his requests to supplement, Plaintiff included allegations concerning events occurring after his transfer from North Kern State Prison in his first amended complaint, all of which took place outside of this judicial district. As a result, Plaintiff's claims involving events following his transfer from NKSP are improperly venued in the Fresno Division of the Eastern District of California. See 28 U.S.C. § 1391(b). Accordingly, the Court will recommend that these claims be dismissed without prejudice to re-filing in the proper judicial district, and will not review these allegations to determine if they state a cognizable claim. The Court therefore will limit its screening to the allegations involving events at North Kern State Prison and the claims against Defendants Santoro, Givens and Solario.

### 4. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon his or her supervisory position. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–

7

77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names Defendant Santoro, Warden of NKSP, who holds a supervisory level position. However, a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff has failed to adequately allege that this supervisory defendant participated in or directed conduct associated with his claims or instituted a constitutionally deficient policy. Plaintiff's allegations that he sent notices to the Warden are not sufficient, as there is no indication that the Warden received the paperwork or otherwise acquiesced in the conduct of subordinate employees.

Further, Plaintiff's conclusory allegation regarding a policy of lockdowns in the reception center prior to inmate classification is not sufficient to demonstrate implementation of a deficient policy that was the moving force of any constitutional violation. Indeed, the brief lockdown experienced by Plaintiff of less than thirty days is not sufficient to support a constitutional violation. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (stay in administration segregation of one month or less does not implicate a protected liberty interest); Walton v. Sing, No. CIV S-10-3167 JAM GGH P, 2011 WL 4928675, at *4 (E.D.Cal. Oct. 17, 2011) (prisoner who alleged that he was subjected to a prison lockdown for thirty days after a prison riot failed to state Eighth or Fourteenth Amendment claim), report and recommendation adopted, Walton v. Sing, 2011 WL 6141023 (E.D.Cal. Dec. 9, 2011).

///

///

**B. Legal Standards**

**1. Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Further, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353, 353 n.3).

Here, Plaintiff alleges that defendants at NKSP denied him access to the courts related to his habeas filings. However, Plaintiff has failed to establish that he suffered an actual injury. According to exhibits attached to the complaint, Plaintiff was able to appeal his criminal conviction, and he had appellate counsel. (Doc. No. 19 at pp.19, 60-61.) Further, Plaintiff admits in his action that he was able to send a petition of habeas corpus on August 22, 2016. Although Plaintiff reportedly was not able to send an amended habeas corpus, he does not allege any actual injury relative to the amended petition.

Plaintiff also complains that the denial of telephone access to make a legal call violated his rights to access the courts. However, as noted above, Plaintiff has not adequately established any actual injury. This is particularly true in light of exhibits evidencing his ability to file a habeas petition, appeal his conviction and receive assistance from counsel on appeal.

**2. Inmate Appeals**

Plaintiff complains about the processing and denials of his inmate appeals. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.

9

Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### 3. Transfer/Housing/Classification Score

Plaintiff appears to complain about his housing in the reception center at NKSP, his housing in Building 6B with Northern Familia Mexicans, and his transfer from NKSP. However, Plaintiff does not have a cognizable right to any particular housing or institution. An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (classification). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. See Meachum, 427 U.S. at 224–25 (no liberty interest in placement in particular facility); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir.1993) (no Due Process right to be housed in certain barrack or housing unit, or with certain inmates); Bjorlin v. Hubbard, No. CIV S–09–1793 2010 WL 457685, *1 (E.D.Cal. Feb. 4, 2010) (housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fourteenth Amendment). Insofar as Plaintiff complains about the improper calculation of his classification score, he also fails to state a cognizable claim. Prisoners have no federal due process right to a particular classification score. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987), citing Moody v. Daggett, 429 U.S. 78 (1976) (no constitutional right to particular classification).

### 4. Denial of Rec Yard

The "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). However, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Here, Plaintiff's allegations are not sufficient to state a cognizable Eighth Amendment claim regarding the denial of recreation yard on three consecutive weekends. There is no indication that Plaintiff suffered a continuous or long-term denial of exercise, that he was denied *all* exercise or that he suffered any

medical effects from the temporary weekend denials.

### 5. Mail Tampering

Prison inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, a temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999); Zaiza v. Tamplen, No. 2:15-cv-0447-KJM-EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016) ("An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation.").

Here, Plaintiff alleges an isolated incident in which an amended petition may not have been logged in outgoing mail. This is not sufficient to state a claim. Plaintiff's conclusory allegation of mail tampering also is not sufficient to state a cognizable claim.

### 6. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff appears to suggest that Defendant Solario retaliated against him because of the filing of complaints by moving him to Building 6B. However, the complaint's allegations are not sufficient to state a cognizable claim. There is no indication that Defendant Solario, as a correctional officer, was responsible for the classification and housing of Plaintiff in Building 6B, particularly as this officer later worked in the gun tower.

### **CONCLUSION AND RECOMMENDATION**

For the reasons stated above, Plaintiff has failed to state a cognizable claim for relief related to his allegations against Defendants Solano, Solario and Givens at North Kern State Prison. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's claims against Defendants Solano, Solario and Givens be dismissed from this action, with prejudice, for failure to state a cognizable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

2. Plaintiff's remaining claims and all other defendants be dismissed from this action without prejudice to re-filing in the appropriate judicial district.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 20, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE